UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAY FITZGERALD, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | **Case No.** |
| | ) | |
| MIDLAND CREDIT | ) | **JURY DEMAND** |
| MANAGEMENT, INC. | ) | |
| *Defendant,* | ) | |
| | ) | |

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

Plaintiff, Jay Fitzgerald (hereinafter "Plaintiff"), Pro Se, respectfully alleges the following:

## I.    INTRODUCTION

1.    This is an action for actual and statutory damages brought by Plaintiff, Jay Fitzgerald, an individual consumer, against Defendant, Midland Credit Management, Inc. (hereinafter "Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.    JURISDICTION AND VENUE

2.    Jurisdiction of this court arises under 15 U.S.C § 1692k(d) and 28 U.S.C § 1331.

**Page 1 of 7**

Venue in this District is proper in that the Defendant transacts business in Yeadon, Delaware County, Pennsylvania and the actions giving rise to this complaint occurred in Yeadon, Delaware County, Pennsylvania. Also, because the complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

### III.   PARTIES

3.   Plaintiff is a natural person residing in Yeadon, Delaware County, Pennsylvania.

4.   Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3), as he is allegedly obligated to pay a debt, which Defendant is attempting to collect on.

5.   Upon information and belief, Defendant is a Kansas corporation with its principal place of business located at 350 Camino De La Reina, Suite 300, San Diego, CA 92108 and can be served at its registered agent Corporation Service Company 5235 North Front Street, Harrisburg, PA 17110.

6.   Defendant is a "debt collector" as defined by 15 U.S.C 1692a(6) and as plainly stated at the bottom of its website (https://www.midlandcredit.com).

7.   Defendant is engaged in the collection of "debt" as defined by 15 U.S.C 1692a(5), which is "any… alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes" from consumers using the mail and telephone.

8.   Defendant regularly directly or indirectly attempts to collect consumers' debts alleged to be due to another.

## IV.   FACTS OF THE COMPLAINT

8.   On May 20, 2026 at 4:03 PM, Plaintiff received an email message from Defendant attempting to collect a debt in the amount of $1,720.63 allegedly originally owed to Celtic Bank. (**Exhibit A**)

9.   Plaintiff sent a response via email to Defendant dated May 23, 2026 stating "I refuse to pay." pursuant to 15 U.S.C 1692c(c). (**Exhibit B**)

10.   Plaintiff's response was received by Defendant instantaneously.

11.   Pursuant to 15 U.S.C 1692c(c), "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—

**(1)** to advise the consumer that the debt collector's further efforts are being terminated;

**(2)** to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

**(3)** where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

If such notice from the consumer is made by mail, notification shall be complete upon receipt."

12.   To reiterate, once a refusal to pay message has been sent by the consumer and received by the debt collector, the only (emphasis added) subsequent communications federal law allows the debt collector to make is: (1) to advise the consumer that further collection efforts were being terminated (which Defendant failed to do here); (2) to notify the

consumer that the debt collector may invoke specified remedies (which Defendant also failed to do here); (3) and to notify the plaintiff that defendant intended to invoke a specific remedy (which, again, Defendant failed to do here).

13. Despite receiving Plaintiff's written notice, Defendant continued its attempts to communicate with Plaintiff by sending another email on May 24, 2026, inviting Plaintiff to "finish logging into his account" and that once he did so, he could "see what options are available to resolve [his] account". (**Exhibit C**)

14. After this, Defendant made 3 (three) separate phone calls to Plaintiff on May 26, 2026 at 4:07 PM; June 5, 2026 at 8:47 AM; and June 9, 2026 at 9:23 AM, in violation of 15 U.S.C. § 1692c(c). (**Exhibits D, E & F**)

15. With regard to the matter at hand, Defendant failed to perform any of the above mentioned actions which were the only communication exceptions under the statute, therefore, Defendant is in direct violation of the FDCPA under 15 U.S. Code 1692c(c).

16. Should Defendant attempt to argue bona fide error, Plaintiff points the court to *Carter v. Capital LinkMgmt.,* where Judge Haikala concluded that Capital Link Management failed to meet the requirements under a bona fide error, Capital Link Management failed to meet to the requirements ("A debt collector asserting the bona fide error defense must show by a preponderance of the evidence that its violation of the Act: (1) was not intentional; (2) was a bonafide error; and (3) occurred despite the maintenance of procedures reasonably adapted to avoid any such error."). "The failure to meet any one of those three requirements is fatal to the defense." *Edwards*, 584 F.3d at 1353. *Carter v. Capital LinkMgmt.*, 5:21-cv-00088-MHH, 11-12 (N.D. Ala. Jul. 12, 2022).

17. Therefore, in reference to Paragraph 15, should Defendant attempt to argue bona fide

error, it would fail to be a sufficient argument at this stage, and would necessitate discovery in the case.

18. Plaintiff has suffered actual damages as a result of the illegal debt collection communications by Defendant in the form of anger, anxiety, decreased ability to focus on tasks while at work, frustration, amongst other negative emotions.

## V.  CLAIM FOR RELIEF

### 15 U.S.C 1692c(c)

19. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

20. Defendant violated the FDCPA by failing to cease collection after receiving written notice.

21. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C §1692k(a)(1)(2);

C. Statutory damages pursuant to 15 U.S.C §1692k(a)(2);

D. Costs pursuant to 15 U.S.C §1692k(a)(3);

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

July 20, 2026

/s/ Jay Fitzgerald
Jay Fitzgerald
614 Yeadon Avenue
Yeadon, PA 19050
jayfitzgerald215@yahoo.com

# <u>EXHIBITS LIST</u>

1. Defendants initial communication to Plaintiff dated May 20, 2026 at 4:03 PM (Exhibit A);

2. Plaintiff's refusal to pay communication to Defendant (Exhibit B);

3. Defendant's corresponding communication attempt via email with Plaintiff after and in regard to Plaintiff's refusal to pay communication (Exhibit C);

4. Defendant's corresponding communication attempt via phone call(s) with Plaintiff after and in regard to Plaintiff's refusal to pay communication, dated May 26, 2026 at 4:07 PM; June 5, 2026 at 8:47 AM; and June 9, 2026 at 9:23 AM (Exhibits D, E & F).

JS 44  (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government
Plaintiff
- [ ] 2  U.S. Government
Defendant
- [ ] 3  Federal Question
*(U.S. Government Not a Party)*
- [ ] 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.